IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GWENDOLYN T.,**

    **Plaintiff,**

v.                                           Case No. 2:24cv232

**FRANK BISIGNANO[1],**
**Commissioner of Social Security,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Gwendolyn T. ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Frank Bisignano, the Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB") under the Social Security Act. This action was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. ECF No. 10.

Presently before the Court is Plaintiff's brief in support of reversal and remand of the Commissioner's decision denying benefits, ECF No. 12, and the Commissioner's brief in support of the Appeals Council's Order dismissing Plaintiff's request for review, ECF No. 15. After reviewing the briefs, the undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For

---

[1] On May 6, 2025, Frank Bisignano became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Frank Bisignano for former Commissioner of Social Security Martin O'Malley in this matter.

the following reasons, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED WITH PREJUDICE**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on August 17, 2020, alleging disability due to chronic lumbar pain. R. at 170.[2] Plaintiff was fifty-three years old at the time of her alleged onset date of November 7, 2017, and categorized as closely approaching advanced age. R. at 170. She previously worked as a merchant mariner. R. at 125. Plaintiff's application was initially denied on March 22, 2021, and again denied upon reconsideration on June 28, 2021. R. at 169, 177. On September 20, 2021, Plaintiff requested a hearing before an administrative law judge. R. at 203.

Plaintiff's ALJ hearing was initially held on July 11, 2022, at which Plaintiff appeared with counsel J. Russell Fentress ("Mr. Fentress") before Administrative Law Judge William Pflugrath ("the ALJ"). R. at 156–68. After some discussion between Plaintiff, her attorney, and the ALJ, the ALJ postponed the hearing to allow Plaintiff the opportunity to submit additional evidence. R. at 9, 163–67. The hearing continued on October 12, 2022. R. at 118–55. Both Plaintiff and an impartial vocational expert testified at the hearing. R. at 118–55. On November 9, 2022, the ALJ issued a decision finding Plaintiff not disabled, because there are jobs in the national economy Plaintiff could perform in light of her residual functional capacity. R. at 9–23.

Accompanying the ALJ's decision was a "Notice of Decision" dated November 9, 2022. ECF No. 6–8. The Notice of Decision informed Plaintiff that: (1) she may file an appeal with the Appeals Council; (2) she must do so by filing a written request for review with the Appeals

---

[2] "R." refers to the certified administrative record that was filed under seal on June 25, 2024, pursuant to Eastern District of Virginia Local Civil Rules 5(B) and 7(C)(1), and the supplement to the certified administrative record that was filed under seal on August 13, 2024. ECF Nos. 9, 14.

Council; and (3) she "must file [her] written appeal **within 60 days** of the date you get this notice." R. at 6 (emphasis in original). The Notice of Decision further stated that "[t]he Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period" and advised Plaintiff that "[t]he Appeals Council will dismiss a late request unless you show you had good cause for not filing it on time." R. at 6–7.

On November 28, 2022, Plaintiff's attorney, Mr. Fentress, wrote a letter to Plaintiff informing Plaintiff that he would not be appealing her claim further. R. at 797. The letter stated the following:

> The judge decided that you are still able to do some work activity, because the medical records do not show a severe enough impairment to make you totally disabled. **I believe that the judge's decision cannot be reversed on further appeal, <u>so I will not be appealing the claim further.</u>**
>
> If you wish to appeal this decision, you may do so by following the instructions on the front page of the decision. Please be aware of the 60-day deadline for filing the appeal.

R. at 797 (emphasis in original). The letter was sent to Plaintiff's home address in Virginia Beach, Virginia. R. at 797.

Over a year later, on December 1, 2023, Plaintiff sent a letter to the Appeals Council stating that she would like to appeal the ALJ's decision. R. at 795. In her letter to the Appeals Council, Plaintiff attached the November 28, 2022 letter from Mr. Fentress, and explained that six months after the ALJ's decision, she went to work and due to her back pain she got hypertension, and on June 22, 2023, she was prescribed medication. R. at 795. Plaintiff stated that "[i]f it's possible I want to appeal this case because if my lawyer would [have] appeal[ed] it I would have had a fighting chance." R. at 795. Other than stating her attorney did not file an appeal, Plaintiff did not explain why she did not file an appeal within the 60-day timeframe.

3

On January 3, 2024, the Appeals Council sent a letter to Mr. Fentress and to Plaintiff, stating that her request for review was filed late. R. at 29. The Appeals Council explained:

> Under our rules, if you disagree with the Administrative Law Judge's action, you have 60 days to file a request for review.
>
> The 60 days start the day after you receive the notice of the Administrative Law Judge's Action. We assume that you received the notice within 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> . . .
>
> In your case, the notice of the Administrative Law Judge's action is dated November 9, 2022. Therefore, the last day you could file your request for review was January 13, 2023.
>
> You filed your request for review on December 1, 2023. There is no statement or other information about why you did not file the appeal on time.

R. at 29. The Appeals Council then explained to Plaintiff that she could excuse her late filing by showing good cause. The Appeals Council stated:

> You should send us a statement showing the reason(s) why you did not file the request for review within 60 days. You should send us any evidence that supports your explanation.
>
> You may also send us information about when you received the notice of the Administrative Law Judge's action.
>
> If you show that you did not receive notice of the Administrative Law Judge's action within 5 days after the date on it, the Appeals Council may find that your appeal is timely.
>
> If you show that you had a good reason for filing late, the Appeals Council will extend the time period and find that your appeal is timely.
>
> If you do not show that you had a good reason for filing late, the Appeals Council will dismiss your request for review.

R. at 29–30. Finally, the Appeals Council explained that they will not act for 30 days, but if they do not hear from Plaintiff within 30 days, they "will assume that you do not want to send us more information," and that they will proceed with the information they have on the record. R. at 30.

4

On February 20, 2024, the Appeals Council sent Plaintiff a letter entitled: "Notice of Order of Appeals Council Dismissing Request for Review," and enclosed the Appeals Council's Order explaining why the Appeals Council dismissed Plaintiff's request for review. R. at 1–5. The Order was sent to Plaintiff at her address in Virginia Beach, Virginia. R. at 4–5. The Order stated that Plaintiff's request for review "was not filed within 60 days from the date [the] notice of the decision was received as required by 20 CFR § 404.968(a)." R. at 4. The Order further explained:

> By letter dated January 4, 202[4][3], the Appeals Council asked the [Plaintiff] to provide a statement explaining why the request for review was not timely filed. The Administrative Law Judge's decision was issued on November 9, 2022, and the [Plaintiff] filed her request for review 322-days late on December 1, 2023. The last day to file an appeal timely was January 13, 2023. The Appeals Council allowed 30-days for a response. However, no response has been received and there is no evidence of returned correspondence from the U.S. Postal Service.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the [Plaintiff's] request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

R. at 4.

On April 17, 2024, Plaintiff timely filed a Complaint for judicial review of the Commissioner's decision. ECF No. 3. In accordance with the Supplemental Rules for Social Security Actions, on July 19, 2024, Plaintiff filed a brief in support of reversal and remand of the Commissioner's decision. ECF No. 12. On August 19, 2024, the Commissioner filed a brief in support of the Appeals Council's Order dismissing Plaintiff's request for review, and in opposition to Plaintiff's brief. ECF No. 15. Plaintiff did not file a reply brief. Because the matter is fully briefed, it is now ripe for recommended disposition.

---

[3] The Appeals Council's Order mistakenly dates their letter requesting good cause for Plaintiff's untimely filing as January 4, 2023. R. at 4. However, the record is clear that the letter was sent on January 4, 2024. R. at 29.

## II. STANDARD OF REVIEW

Under the Social Security Act, the Court's review of the Commissioner's final decision is limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Britt v. Saul*, 860 F. App'x 256, 260 (4th Cir. 2021) (quoting *Craig*, 76 F.3d at 589). The Court looks for an "accurate and logical bridge" between the evidence and the ALJ's conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Craig*, 76 F.3d at 589. If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and applies the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays*, 907 F.2d at 1456.

## III. ANALYSIS

Plaintiff submits a brief alleging that there were many inconsistencies in her case, and alludes to the medical care she has received since the ALJ's decision. ECF No. 12 at 2. Plaintiff

requests the Court reward her benefits, "retroactive to the date of initial disability." *Id.* The Commissioner contends that Plaintiff did not timely appeal to the Appeals Council, and that the Court's review is limited to whether the Social Security Administration's ("SSA") Appeals Council abused its discretion in dismissing Plaintiff's untimely request for review. ECF No. 15 at 7–9. The Commissioner argues that because Plaintiff did not provide any explanation for her failure to timely file a request for review with the Appeals Council, the Appeals Council did not abuse its discretion in dismissing her appeal as untimely, and substantial evidence supports the Appeals Council's decision. *Id.* Plaintiff did not file a reply brief to contest any of the Commissioner's arguments.

Under the Social Security Act, an individual may seek judicial review of "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). The Appeals Council's dismissal of a request for review as untimely following a hearing from an ALJ on the merits "qualifies as a 'final decision . . . made after a hearing' within the meaning of § 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 489 (2019). Accordingly, a federal district court is instructed to "restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Id.* at 488. The standard of review for the federal court is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Id.* n. 19; *see also Nash v. Comm'r of Soc. Sec.*, No. 2:20cv104, 2021 WL 1338820, at *3 (E.D. Cal. Apr. 9, 2021) ("where the Appeals Council dismissed an untimely appeal, the court is to consider whether this decision is supported by substantial evidence and free from legal error.") (citation omitted).

Pursuant to SSA regulations, a claimant who receives an unfavorable ALJ decision may request review of the decision by the Appeals Council. 20 C.F.R. §§ 404.967–404.981. To file

an appeal, the claimant must file a written request "[w]ithin 60 days after the date [he or she] receive[s] notice of the hearing decision or dismissal[.]" § 404.968(a). A claimant who misses the 60-day deadline may request an extension for the filing time, but the request "must give the reasons why the request for review was not filed within the stated time period." § 404.968(b); *see also* § 404.911 (explaining the SSA's standards for "good cause."). If the claimant does not file a timely request for review and does not present good cause for untimely filing, the Appeals Council will dismiss the appeal. § 404.971.

The Court finds that the Appeals Council applied the correct legal standard in dismissing Plaintiff's untimely appeal, and that decision is supported by substantial evidence. Here, Plaintiff does not contest that she received the ALJ's November 9, 2022 Notice of Decision advising her that she must appeal within 60 days, or that she received Mr. Fentress's November 28, 2022 letter informing Plaintiff that he would not be filing an appeal and that there was a 60-day deadline if she wished to do so herself. When Plaintiff did submit a letter requesting the Appeals Council review the ALJ's decision, it was 322 days late. *See* R. at 4, 795–96.

In accordance with SSA regulations, the Appeals Council offered Plaintiff the opportunity to offer good cause to explain why she did not file a request for review within 60 days of the ALJ's decision. *See* §§ 404.968(a), (b). The Appeals Council advised Plaintiff that if she did not "show that [she] had a good reason for filing late," they would dismiss her request for review. R. at 29–30; *see also* § 404.971. Plaintiff did not respond to the Appeals Council's request, let alone demonstrate any good cause for her untimely filing.

Plaintiff did not argue to the Appeals Council—nor does she argue now before this Court— that she did not receive any of the documents advising her of her right to appeal or show good cause, including: (1) the November 9, 2022 Notice of Decision advising her of her right to appeal;

8

(2) Mr. Fentress's November 28, 2022 letter advising Plaintiff that he would not be filing an appeal and informing her of the deadline to file an appeal if she wished to pursue it; or (3) the Appeals Council's January 3, 2024 letter advising Plaintiff of her opportunity to demonstrate good cause for failing to timely request the Appeals Council's review of the ALJ's decision. Considering all the evidence in the record, it was not an error or abuse of discretion for the Appeals Council to dismiss Plaintiff's 322-day late request for review of the ALJ's decision. Accordingly, the Appeals Council's denial of Plaintiff's request for review is supported by substantial evidence, and remand is not warranted in this action.

## IV. RECOMMENDATION

Because substantial evidence supports the Commissioner's decision and the correct legal standard was applied, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED WITH PREJUDICE**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Plaintiff and the Commissioner.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2025